UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KANIKA BRAXTON<br>18312 Hazelwood Avenue<br>Maple Heights, OH 44137 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| on behalf of herself and all others similarly situated, | )<br>)<br>) | |
| Plaintiff, | )<br>) | **PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |
| vs. | )<br>) | |
| ENLIVANT MASTER MANAGEMENT<br>CO. LLC<br>c/o Statutory Agent Corporate Creations<br>Network Inc.<br>119 E. Court Street<br>Cincinnati Oh 45202 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

Now comes Plaintiff, Kanika Braxton, by and through undersigned counsel, and for her Complaint against Enlivant Master Management Co. LLC ("Defendant"), states and alleges the following:

## **INTRODUCTION**

1.      This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, and for meal periods during which they performed worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5.      At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7.      Defendant was a foreign corporation, organized and existing under the laws of the State of Delaware, operating senior living facilities throughout the United States, including Forest Hills Place, in Cleveland Heights, Ohio, and was licensed to conduct business in the State of Ohio.

8.      At times relevant herein, Defendant conducted business in Cuyahoga County, Ohio.

9.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

10.      Defendant is the joint employer of Plaintiff and other similarly-situated employees, together with its various subsidiary companies, pursuant to 29 U.S.C. §§ 203(r) and 207(b).

11.      At times relevant herein, Defendant was an enterprise within the meaning of 29

U.S.C. § 203(r).

12.     At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14.     Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

15.     Defendant operates over 230 senior living facilities throughout the United States, together with its various subsidiary companies, and has over 7,000 employees.

16.     Defendant employed Plaintiff between November 2019 and April 2020 as a licensed practical nurse ("LPN").

17.     Defendant employed Plaintiff in a facility it previously owed in Cleveland Heights, Ohio, called Forest Hills Place.

18.     Other similarly situated employees were employed by Defendant in nursing positions and care staff job positions, including but not limited to LPNs, caregivers, CNAs, home health aides, medication techs, and resident care partners ("nursing and care staff employees").

19.     Plaintiff and other similarly situated nursing and care staff employees were classified by Defendant as non-exempt employees.

20.     Defendant paid Plaintiff and other similarly situated nursing and care staff employees on an hourly basis.

21.     Plaintiff and other similarly situated nursing and care staff employees frequently worked over 40 hours per week.

3

22.     Plaintiff worked on average between 60 and 70 hours each week.

**(Failure to Pay for On-Duty Meal Periods)**

23.     Plaintiff and other similarly situated nursing and care staff employees were not provided with bona fide meal periods during which they were completely relieved from duty.

24.     Defendant docked Plaintiff and other similarly situated nursing and care staff employees for a meal period each day.

25.     Defendant required Plaintiff and other similarly situated nursing and care staff employees to clock out for a 30-minute (or 1-hour) meal period each day, and they were told they were required to clock out for a meal period.

26.     Despite the fact that Plaintiff and other similarly situated nursing and care staff employees were required to clock out for meal periods, they were not provided with bona fide meal periods during which they were completely relieved from duty.  Instead, they frequently did not receive any meal periods at all and/or performed worked during meal periods.

27.     Plaintiff and other similarly situated nursing and care staff employees did not receive meal periods and/or performed work during meal periods because of the substantial amount of work they were required to perform, and because their communities were frequently short staffed.

28.     Plaintiff estimates that she did not receive meal periods and/or performed work during meal periods on average 4 to 5 times each week.

29.     Plaintiff and other similarly situated nursing and care staff employees' supervisors(s)/manager(s) observed that they did not receive their full meal periods and/or performed work during meal periods.

30.     As a result of Defendant's failure to pay Plaintiff and other similarly situated nursing and care staff employees for meal periods during which they performed work, Plaintiff and other

similarly situated nursing and care staff employees were denied significant amounts of overtime compensation.

**(Failure to Pay Overtime Compensation)**

31.     As a result of Plaintiff and other similarly situated nursing and care staff employees not being paid for work performed during meal periods, Plaintiff and other similarly situated nursing and care staff employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

32.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**(Failure to Keep Accurate Records)**

33.     Upon information and belief, Defendant failed to make, keep and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated nursing and care staff employees.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

35.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current nursing and care staff employees employed by Defendant and/or any of its subsidiaries at any period of time between September 18, 2017 and the present.

36.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than several thousand persons.

37.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

38.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All former and current nursing and care staff employees employed by Defendant employed by Defendant and/or any of its subsidiaries in Ohio any period of time between September 18, 2017 and the present.

40.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several thousand persons.

41.     There are questions of law or fact common to the Ohio Class, including but not limited to the following:

(a) whether Defendant failed to pay overtime compensation to its nursing and care staff employees for hours worked in excess of 40 each workweek; and

(b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. §§ 4111.03 and 4111.10.

42.     The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class.  Named Plaintiff's claims rise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

43.     The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Her interest is not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members.  The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

44.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

46.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47.     Defendant's practices and policies of not paying Plaintiff and other similarly situated nursing and care staff employees for meal periods during which they performed work violated the FLSA, 29 CFR § 785.19.

48.     Defendant's practice and policy of not paying Plaintiff and other similarly situated nursing and care staff employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

49.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated nursing and care staff employees violated the FLSA, 29 CFR § 516.2(a)(7).

50.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

51.     As a result of Defendant's practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code § 4111.03)

52.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53.     Defendant's practices and policies of not paying Plaintiff and other similarly situated

nursing and care staff employees for meal periods during which they performed work violated the OMFWSA, R.C. § 4111.03.

54.     Defendant's practice and policy of not paying Plaintiff and other similarly situated nursing and care staff employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. § 4111.03.

55.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated nursing and care staff employees violated the OMFWSA, R.C. § 4111.03.

56.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03.

57.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.     Issue an order permitting this litigation to proceed as a collective action;

B.     Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.     Award Plaintiff and the classes she represents actual damages for unpaid overtime wages;

9

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class under the FLSA;

E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Lori M. Griffin
One of the Attorneys for Plaintiff