UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KANIKA BRAXTON, on behalf of herself and all others similarly situated, | ) CASE NO. 1:20-cv-02111-SO |
| | ) |
| | ) JUDGE SOLOMON OLIVER, JR. |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ENLIVANT MASTER MANAGEMENT CO., LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE AND STIPULATION OF DISMISSAL WITH PREJUDICE**

The Parties respectfully move this Honorable Court to review the Parties' Joint Stipulation of Settlement and Release (the "Settlement") and for an Order approving the Settlement as fair and reasonable. In support of this Motion, the Parties state:

1. Representative Plaintiff Kanika Braxton (the "Representative Plaintiff") commenced this Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

2. On September 18, 2020, the Representative Plaintiff filed a Complaint against Defendant Enlivant Master Mgmt CO, LLC ("Enlivant") alleging that Enlivant failed to pay her and other similarly situated employees for all time worked, including overtime compensation at the rate of one and one-half times their regular rates of pay for all time worked in excess of 40 hours each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), ORC §§ 4111.02-4111.99. (ECF No. 1.)

3. In the Complaint, the Representative Plaintiff alleged that she and other similarly

situated nursing and care staff employees were not paid for or provided 30-minute (or 1-hour) meal periods during which they were completely relieved from duty in accordance with the FLSA and/or applicable state and local laws. (*Id*. at ¶ 25.)

4. In addition to the Representative Plaintiff, 17 additional individuals who are participating in the Settlement opted in as Opt-In Party Plaintiffs (the "Opt-In Party Plaintiffs") (collectively with the Representative Plaintiff, "the Plaintiffs"). (Ex. 2, Declaration of Chastity L. Christy ("Christy Decl.") at ¶ 21.)

5. From November 2020 through April 2021, the Parties informally exchanged information and engaged in numerous telephone discussions and written communications in an effort to reach a potential resolution of the Action. (*Id.* at ¶ 22.)

6. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release, attached hereto as Exhibit 1. (*Id.* at ¶ 27.)

7. The Parties engaged in substantial investigation and informal discovery in the context of negotiating the Settlement. (*Id.* at ¶ 19.) Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims in order to set forth a factually specific and accurate Complaint. (*Id.*)

8. The Parties also engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Enlivant's defenses to such claims. This included a complete analysis and calculations of the Plaintiffs' alleged damages for unpaid meal periods and rest breaks and overtime wages. (*Id.* at ¶ 22.)

9. The Parties also engaged in extensive legal discussions regarding their respective positions. (*Id.* at ¶ 23.)

10. The Parties agree that bona fide disputes exist between them, including whether the

Plaintiffs were properly compensated under the FLSA, OMFWSA, and/or other applicable state and local wage and hour laws pertaining to minimum wages, overtime, and meal periods and rest breaks, and whether they are entitled to their claimed overtime compensation under the FLSA, OMFWSA, and/or other applicable state and local wage and hour laws. (*Id.* at ¶ 25.)

11. Furthermore, the Parties agree that there is a bona fide dispute as to whether a two-year or three-year statute of limitations applies to Plaintiffs' FLSA claims in this Action and whether the Plaintiffs would be entitled to liquidated damages. Enlivant denies any liability, maintains that it did not act willfully, and asserts that it has a good faith defense against Plaintiffs' claims. (*Id.* at ¶ 26.)

12. The proposed Settlement eliminates the time, cost, and uncertainty that would be occasioned by further litigation of these and other issues.

13. The Settlement encompasses the claims of the Representative Plaintiff and the 17 Opt-In Party Plaintiffs, all of whom opted into the Action and consented to be bound by any settlement reached by the Parties. (*Id.* at ¶ 33.) Because the proposed Settlement is an FLSA *opt-in* settlement, not a Rule 23 *opt-out* settlement that would bind absent class members, and because the Opt-In Party Plaintiffs have consented to Kanika Braxton serving as the Representative Plaintiff and to be bound by any settlement and/or judgment in this case, no fairness hearing is required or requested by the Parties.[1]

14. The Plaintiffs' Individual Payments are fair and equitable as they are based

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270, at *1 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, at *1 (M.D. Fla. Aug. 27, 2008) ("[T]he Court determines that there is no need for a fairness hearing[.]").

proportionally on each Plaintiff's alleged damages for unpaid interrupted meal/rest break time and unpaid overtime wages during the Released Period as defined in the Settlement. (*Id.* at ¶ 34.)

15. As part of the settlement negotiations, Enlivant provided Plaintiffs' counsel with the Plaintiffs' arbitration agreements, as well as time and pay data relating to Plaintiffs. Plaintiffs' counsel had sufficient information to calculate Plaintiffs' alleged damages. (*Id.* at ¶ 35.) The Parties agree that they negotiated a fair settlement based on their respective views of Plaintiffs' claims.

16. Between September 2017 and March 2020, Plaintiffs were allegedly denied approximately $6,911.69 in overtime compensation based on the time and pay data produced by Enlivant. (*Id.* at ¶ 32.) Counsel for Plaintiffs calculated the alleged damages, including for breaks that were allegedly not provided and for overtime that was allegedly not paid, by totaling the amount of time during which Plaintiffs were at work but not clocked in. (*Id.*) Counsel for Plaintiffs then multiplied this total amount of time by each Plaintiff's overtime rate to determine the overtime compensation alleged to have been owed but unpaid for each Plaintiff. (*Id.*)

17. The Settlement Agreement provides that Eleven Thousand One Hundred Eighty-Five Dollars and Thirty Cents ($11,185.30) will be paid to the Representative Plaintiff and the Opt-In Party Plaintiffs for allegedly unpaid interrupted meal/rest break time and unpaid overtime compensation over a three-year statute of limitations period. (*Id.* at ¶ 33.) As such, pursuant to the Settlement, each Plaintiff will receive 100% of their overtime compensation and 61.83% liquidated damages, after deductions for the Representative Payment and attorneys' fees and costs. (*Id.*)

18. Plaintiffs' counsel Chastity L. Christy believes that the proposed Settlement is in the best interests of the Plaintiffs. (*See* Exhibit 2.)

19. The Parties agree that the Settlement Agreement is fair and reasonable. The

proposed Settlement is contingent upon the Court's review and approval of it and issuance of an Order approving the Settlement as fair and reasonable.

20.  The Parties, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and based upon the attached Settlement, hereby stipulate to the dismissal of this case with prejudice.  Except as otherwise provided in the Settlement, the Parties agree to bear their own attorneys' fees and costs.  The Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

WHEREFORE, the Parties request that the Court review the Settlement and issue an Order (*see* Exhibit 3) approving it as fair and reasonable, and that this case be stipulated as dismissed with prejudice.

Respectfully submitted,

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiff

/s/ Ashley Allyn
Ashley Allyn (Pro Hac Vice)
Michele L. Maryott (Pro Hac Vice)
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612
Phone: 949-451-3800
Facsimile: 949-451-4220
aallyn@gibsondunn.com
mmaryott@gibsondunn.com

Donald C. Bulea (0084152)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower, 127 Public Square, Suite 4100
Cleveland, Ohio 44114
Phone: 216-274-6914
Facsimile: 216-357-4733
Donald.bulea@ogletree.com

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 3, 2021, a copy of the foregoing *Joint Motion For Approval Of Settlement And Stipulation Of Dismissal With Prejudice* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                                               /s/ Chastity L. Christy
                                                               Chastity L. Christy