# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division (the "District Court"), Representative Plaintiff Kanika Braxton, individually and on behalf of all Opt-In Party Plaintiffs (as defined below), and Enlivant Master Mgmt CO LLC ("Enlivant") hereby agree to the terms of this Joint Stipulation of Settlement and Release.

# DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division, entitled *Kanika Braxton v. Enlivant Master Mgmt CO, LLC,* Case No. 1:20-cv-02111.

2. "Plaintiffs' Counsel" shall mean Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC.

3. "Representative Plaintiff" shall mean Kanika Braxton.

4. "Plaintiffs" shall include the Representative Plaintiff and the 17 Opt-In Party Plaintiffs listed in Appendix 1 hereto.

5. "Enlivant" shall mean Enlivant Master Mgmt CO LLC and all of its former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities, including but not limited to Enlivant AID ES, LLC and Parent BG OPCO TRS LLC.

6. "Parties" shall mean Plaintiffs and Enlivant, and "Party" shall mean any one of the Parties.

7. "Released Period" for the Representative Plaintiff shall mean the period of three years prior to the date the Action was filed, through and including the date on which the Court issues an order granting approval of this Settlement and dismissal of the Action with prejudice, and for the Opt-In Party Plaintiffs shall mean the period of three years prior to the date each Plaintiff opted into the Action by filing a consent form, through and including the date on which the Court issues an order granting approval of this Settlement and dismissal of the Action with prejudice.

8. "Effective Date" shall mean the date of the District Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice.

9. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

10. On September 18, 2020, the Representative Plaintiff commenced the Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

11. In the Action, the Representative Plaintiff alleged that Enlivant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay her and other similarly-situated employees for all hours worked, specifically for meal periods during which they allegedly performed work, including time that Plaintiffs claim is owed to them at their applicable overtime rate.

12. Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA, OMFWSA, and other relevant state and local wage and hour laws and that the Action is appropriate for class and/or collective treatment. Enlivant denies these allegations. The Parties agree that bona fide disputes exist between the Parties, including whether the Plaintiffs are entitled to their claimed overtime compensation under the FLSA, whether Plaintiffs performed any work before or after the scheduled start and stop times of their shifts and/or while at work but clocked out for breaks, whether a two-year or three-year statute of limitations pursuant to the FLSA applies, and whether Enlivant acted willfully.

13. The Parties reached the proposed Settlement in this matter after extensive good faith bargaining, which occurred during the period between November 2020 and January 2021. The Parties reached a binding agreement to settle the Action on the terms set forth in this Settlement.

14. Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of the Action and have diligently pursued an investigation of Plaintiffs' claims against Enlivant, including reviewing relevant documents, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, and Enlivant's defenses. *See* Exhibit 2.

15. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Enlivant that Plaintiffs' claims in the Action have merit or that Enlivant has any liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

16. **Total Settlement Amount:** Enlivant will pay in connection with the Settlement a Total Settlement Amount of Twenty-One Thousand Six Hundred Eighty-Five Dollars and Thirty Cents ($21,685.30), which sum will cover: (a) all of the Individual Payments to Plaintiffs; (b) the Representative Plaintiff's Representative Payment; and (c) Plaintiffs' Counsel's attorneys' fees and expenses.

17. **Payments to Plaintiffs:** Eleven Thousand One Hundred Eighty-Five Dollars and Thirty Cents ($11,185.30) of the Total Settlement Amount will be paid to Plaintiffs in the amounts provided in Appendix 1 hereto (collectively, the "Individual Payments").

18. **Calculation of Individual Payments:** The Individual Payments, after deduction of Plaintiffs' Counsel's attorneys' fees and expenses and the Class Representative Payment from the Total Settlement Amount, have been calculated by Plaintiffs' Counsel and are based proportionally on each Plaintiff's alleged break time and overtime damages during their respective Released Periods.

19. **Treatment of Plaintiffs' Settlement Payments:** One half of the Individual Payments to Plaintiffs will be treated as payment for wages and the other half as payment for liquidated damages. Enlivant will report to the IRS and issue to each Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099-Misc., in Box 3, to each Plaintiff for the amount paid as liquidated damages under this Settlement. Enlivant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Plaintiff's previously elected wage withholding instructions, and Enlivant is responsible for payment of the employer's share of payroll taxes as required by law. Plaintiffs agree to pay all taxes, if any, which may be deemed owing on any 1099 payments under this Settlement.

20. **Tax Indemnification**: Enlivant has made no representation about the tax consequences of any amounts paid pursuant to this Agreement, and Representative Plaintiff agrees that she has not relied on any such representation. Plaintiffs will be responsible to pay any employee's portion of federal or state taxes that they may owe as a result of the Settlement Payments. In addition, Plaintiffs will hold Enlivant harmless from, and agree to indemnify Enlivant for, any claims, demands, taxes, deficiencies, fines, penalties, levies, assessments, executions, judgments or recoveries by any governmental agency against Enlivant for any amounts claimed due on account of the Settlement Payment as a result of Plaintiffs' failure to pay any employees' share of taxes owed.

21. **Class Representative Payment:** Five Hundred Dollars ($500.00) of the Total Settlement Amount will be paid to Representative Plaintiff Kanika Braxton as a Representative Payment for her service in this litigation. Enlivant will issue to Representative Plaintiff a Form 1099-Misc., in Box 3, with respect to her Representative Payment. Representative Plaintiff will be responsible for all taxes owed with respect to his or her Representative Payment.

22. **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Ten Thousand Dollars ($10,000.00) of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses incurred in the Action. Plaintiffs' counsel must provide Enlivant with a Form W9. Enlivant will issue to Plaintiffs' Counsel a Form 1099-Misc. with respect to the attorneys' fees and expenses.

23. **Acknowledgement of Consideration**: The Parties acknowledge and agree that the consideration set forth in Paragraphs 16 through 22 above constitutes payments and benefits to which the Plaintiffs would not be entitled under Enlivant's established policies, plans, and procedures, and that these benefits constitute extra benefits in exchange for Plaintiffs' agreement

to be bound by this Settlement and complying with its terms. The Representative Plaintiff, on behalf of herself and the Opt-In Party Plaintiffs, affirms that the consideration set forth above was bargained for through negotiations between the Parties and is sufficient consideration for the promises and obligations of the Plaintiffs pursuant to the terms of this Settlement, including but not limited to the releases contained in Paragraphs 25 and 26 below.

## COMPLETE UNDERSTANDING; AGREEMENT TO HOLD HARMLESS

24. Representative Plaintiff understands and agrees that she has authority on behalf of all other Plaintiffs to negotiate the terms of and enter into this Settlement; that she has had the opportunity to consult with Counsel regarding the terms of the Settlement; that she fully understands the terms of the Settlement; and that she agrees to hold harmless Enlivant and all Releasees in the event that any Plaintiff later brings claims or otherwise objects to the Settlement on the grounds that he or she did not fully understand its terms.

## RELEASE OF CLAIMS

25. **General Release By Representative Plaintiff:** In consideration of the promises made by Enlivant in this Agreement, the sufficiency of which Representative Plaintiff fully acknowledges, Representative Plaintiff Kanika Braxton hereby releases and forever discharges Enlivant; AID Holdings, LLC; AID Holdings II, LLC, Bluegrass RE Holdings, LLC; AID Holdings II Management Services, LLC; and TPG Capital, L.P.; and each of its and their parents, subsidiaries, affiliates, predecessors, successors, assigns, and each of its and their respective shareholders, directors, officers, employees, representatives, agents, insurance carriers, and attorneys past, present, and future, and each of them (collectively, the "**Releasees**"), from any and all actions, causes of action, claims or liabilities of any kind, whether known or unknown, which have or could be asserted against the Releasees arising out of or related to Representative Plaintiff's employment with or separation from Enlivant, and/or any other occurrence up to and including the Effective Date of this Settlement, including but not limited to:

a. claims, actions, causes of action or liabilities based on discrimination, harassment, or retaliation arising under the Age Discrimination in Employment Act of 1967, as amended, the Equal Pay Act of 1963, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of the Civil Rights Act of 1866, as amended, the Americans with Disabilities Act of 1990, as amended, the Genetic Information Nondiscrimination Act, the Civil Rights Act of 1991, as amended, the Federal Worker Adjustment and Retraining Notification Act, the Employee Retirement Income Security Act, as amended and only to the extent permitted by law, the Rehabilitation Act of 1973, as amended, the Family Medical Leave Act, as amended, the Federal Occupational Safety and Health Act, as amended, the National Labor Relations Act, as amended, the Immigration Reform and Control Act, Executive Order 11246, the Ohio Civil Rights Act, O.R.C. Chapter 4112, any claims for retaliation under O.R.C. § 4123.90, any and all claims for intentional tort whether said claims arise under the common law of Ohio or O.R.C. § 2745.01, and/or any other federal, state, municipal,

4

or local employment discrimination, harassment, retaliation, or leave statutes (including, but not limited to, claims based on age, sex, attainment of benefit plan rights, race, religion, national origin, handicap, disability, sexual orientation, gender identity, marital status, retaliation, genetic information, and veteran status), and/or to the fullest extent permitted by law, any whistleblower or anti-retaliation law, each as may have been or may be amended);

b. and/or claims, actions, causes of action or liabilities based on the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards law, the Ohio Minimum Wage Law, and any other applicable federal, state, municipal, or local law or ordinance regarding the payment of wages or reimbursement of business-related expenses;

c. and/or claims, actions, causes of action or liabilities arising from any other federal, state, municipal, or local statute, law, ordinance or regulations;

d. and/or any other claim whatsoever including, but not limited to, claims based upon breach of contract, wrongful termination, defamation, intentional infliction of emotional distress, negligence and/or any other common law, statutory or other claim whatsoever arising out of or relating to Representative Plaintiff's employment with or separation from Enlivant.

26. **Released Claims by All Plaintiffs:** Plaintiffs will release Enlivant from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the Fair Labor Standards Act ("FLSA") and corresponding state wage and hour statutes as alleged in the Complaint, for the Released Period.

27. **Exceptions to Release:** The Parties agree and understand that the Released Claims exclude any claims for benefits that Plaintiffs may make under state workers' compensation laws, state unemployment compensation laws, claims which by operation of law Plaintiffs cannot waive, and claims related to a breach of this Settlement.

28. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that will be paid to Plaintiffs' counsel, unless there is a breach of this Agreement or a need to file a motion or other documents to enforce the Settlement. . In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action, unless there ia a breach of this Agreement.

## APPROVAL AND DISMISSAL OF THE ACTION

29. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

30. **Fair, Adequate, and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the District Court.

31. **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit 3 to the Parties' Joint Motion for Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

32. **Dismissal with Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

33. **Distribution Process:** Within twenty (20) business days after the Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice, or sooner at Enlivant's sole discretion, Enlivant will issue payments as follows:

    a. *via direct deposit*, the W-2 portion of the Individual Payments, for those Plaintiffs who have provided copies of cancelled checks for direct deposit;

    b. *via pay cards*, the W-2 portion of the Individual Payments to Plaintiffs who have not provided cancelled checks for direct deposit;

    c. *via checks*, the 1099 portion of the Individual Payments and Representative Plaintiff's Representative Payment; and

    d. *via check*, the attorneys' fees and expenses.

Plaintiffs' Counsel will provide to Enlivant a current IRS form W-9 for Representative Plaintiff and Plaintiffs' Counsel. Enlivant will mail to Plaintiff's counsel for disbursement the pay cards and checks identified in Paragraph 33(b)-(d).

## PARTIES' AUTHORITY

34. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

35. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and

6

any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

36. The Parties represent, covenant and warrant that they have not, directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

37. Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Enlivant, and Enlivant denies any such liability.

## NO ADMISSION OF CLASS LIABILITY

38. The Parties agree that this Settlement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure and/or applicable state provision.

## CONSTRUCTION

39. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement. Headings in this Agreement are for convenience only.

## SEVERABILITY

40. If any part of this Settlement is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Settlement, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Settlement shall for any reason be held by a court of competent jurisdiction to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provisions(s) shall be construed to be limited or reduced so as to be enforceable to maximum extent permitted under the applicable law.

## MODIFICATION

41. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the District Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

42. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are superseded by this Settlement, with the exception of (i) any agreements to arbitrate claims entered into by the Parties at any time and (ii) any confidentiality agreements entered into by the Parties at any time, all of which remain in full effect.

## BINDING ON ASSIGNS

43. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

44. This Settlement may be executed in counterparts and may be signed electronically via PDF.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.  Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

45. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

46. The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement.

## GOVERNING LAW

47. This Agreement shall be interpreted in accordance with Ohio law.

## REPRESENTATIVE PLAINTIFF AND PLAINTIFFS' COUNSEL SIGNATORIES

48. Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf of the other Plaintiffs. It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement. This Agreement shall have the same force and effect as if each Plaintiff executed this Agreement.

## SIGNATURE PAGE FOLLOWS

**EXECUTION BY PARTIES AND THEIR COUNSEL**

Dated: _____ KANIKA BRAXTON

_____
Representative Plaintiff, Individually
and on Behalf of all Plaintiffs

Dated: _____ ENLIVANT MASTER MGMT CO, LLC

By: _____

      Peter C. Smith
Its: \_\_\_Chief Human Resources Officer_____

APPROVED AS TO FORM

Dated: _____ CHASTITY L. CHRISTY
THE LAZZARO LAW FIRM, LLC

By: _____
Attorney for Plaintiffs

Dated: _____ ASHLEY ALLYN
GIBSON, DUNN & CRUTCHER LLP

By: _____
Attorney for Enlivant Master Mgmt CO LLC

**Appendix 1**

| Name | Individual Payment |
|---|---:|
| Braxton, Kanika | $803.98 |
| Benson, Sheronda | $860.02 |
| Benson, Dominique | $429.60 |
| Carney, Tara | $268.22 |
| Griffin, Danielle | $1,374.18 |
| Hendricks, Thomas | $161.83 |
| McCoy, Selina | $1,349.79 |
| Meyers, Shelby | $207.35 |
| Prescott, Sarah | $2,148.24 |
| Price, Nicole | $374.03 |
| Prince, Tukessha | $862.79 |
| Scott, Tamarey | $161.83 |
| Suter, Bobbi | $306.77 |
| Watson, Melissa | $356.00 |
| Woods, Jarianne | $963.21 |
| Wolfe, LaJoi | $25.49 |
| Williams, Monay | $29.50 |
| Stephens, Lakeisha | $502.48 |