UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KANIKA BRAXTON, on behalf of herself and all others similarly situated, ) | CASE NO. 1:20-cv-02111-SO |
| ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER OF DISMISSAL AND** |
| ENLIVANT MASTER MANAGEMENT ) | **APPROVING SETTLEMENT** |
| CO., LLC ) | |
| ) | |
| Defendant. ) | |

THIS CAUSE having come before the court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement"), and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. On September 18, 2020, Plaintiff Kanika Braxton filed her Complaint against Defendant Enlivant Master Mgmt CO, LLC ("Enlivant"), alleging that Enlivant had failed to pay Plaintiff and other similarly situated employees for all time worked, including overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), ORC §§ 4111.02-4111.99. (ECF No. 1.)

2. Specifically, Plaintiff alleged that she and other similarly-situated nursing and care staff employees were docked for a 30-minute (or 1-hour) meal period each day, but that they were not provided with bona fide meal periods during which they were completely relieved from duty. (*Id.*)

3. In addition to Representative Plaintiff Kanika Braxton, 17 potential class members opted in as Opt-In Plaintiffs who are participating in the Settlement (collectively, "Plaintiffs"). (Exhibit 2, Declaration of Chastity L. Christy at ¶ 21.)

4. The Parties stipulate to this Court that they engaged in substantial investigation and discovery prior to negotiating the Settlement and that relevant information was exchanged, including informal discovery relating to Plaintiffs' claims and Enlivant's defenses.

5. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Enlivant's defenses to such claims. This included a complete analysis and calculations of Plaintiff's and the Opt-In Party Plaintiffs' alleged overtime damages.

6. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

7. Between November 2020 and April 2021, the Parties exchanged information and engaged in numerous telephone discussions and written communications regarding the calculation of damages and potential resolution.

8. Between November 2020 and April 2021, the Parties engaged in settlement negotiations, including the exchange of letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions.

9. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA, OMFWSA, and/or other applicable state and local wage and hour laws pertaining to minimum wages, overtime, and meal periods and rest breaks, and whether they are entitled to their claimed overtime compensation under the FLSA, OMFWSA, and/or other applicable state and local wage and hour laws.

10. Furthermore, there is a bona fide dispute over whether a two-year or three-year

statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages pursuant to the FLSA. Enlivant denies any liability, maintains that it did not act willfully, and asserts that it has a good faith defense against Plaintiffs' claims.

11. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion for Approval of Settlement and Release and Stipulation for Dismissal with Prejudice (the "Settlement Agreement").

12. The Court hereby accepts and approves the proposed Settlement Agreement and holds that the proposed Settlement Agreement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act and OMFWSA.

13. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

14. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement Agreement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement Agreement.

ORDERED this  4th   day of _____May_____, 2021.

/s/ Solomon Oliver, Jr.
HONORABLE JUDGE SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE